UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-CR-204 (LEK) |
| | : | |
| CHARLES DAVIDSON, | : | |
| WILLIAM HOSKINS, | : | |
| BRYAN BAILEY, | : | |
| TOMAS SOTO CASTILLO, | : | |
| WENDY MUDRA, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The United States, by and through its attorney, the United States Attorney for the Northern District of New York, respectfully requests a protective order in connection with the government's discovery production. As grounds for this request, the government states:

1. The government has produced a substantial volume of records to the defendants in discovery. It has made available to the defense, *inter alia*, approximately 200 boxes of documents and miscellaneous records; approximately 320 compact disks containing documents, electronic mail, and miscellaneous records; and approximately 50 audio and visual recordings. The government produced these records on or about April 8, April 15, May 14, June 6, and June 20, 2008.

2. Among the materials produced to the defense in discovery are volumes of documents which contain personal identifying information and other private, confidential and protected information ("sensitive information"). This sensitive information includes social security

numbers, phone numbers, dates of birth, addresses, health information, asylum and immigration-related data, and tax and financial information. The sensitive information concerns employees of IFCO Systems, N.A. (the defendants' employer), the corporation itself, and other third parties unrelated to this litigation (e.g., individuals whose identities illegal alien employees utilized for employment purposes at IFCO). The sensitive information is found throughout the discovery materials, including in personnel and payroll records, Department of Homeland Security immigration records, data from the Social Security Administration database, search warrant applications, electronic mail of IFCO employees, tax materials, and financial and phone records obtained by grand jury subpoena, among other records.

     3. The sheer volume of the records, and the various media in which the records exist (in electronic, paper, and digital formats, among others) made redaction of sensitive information a tremendous burden that would have taken months to accomplish. In order to expedite production of materials to the defense, the government produced all discovery materials in an unredacted form to the defense, and notified the defense of the sensitive nature of the materials and the government's intention to seek a protective order from the Court.

     4. To protect the private, confidential, and protected information contained in the discovery materials, the government seeks a protective order that limits the disclosure of the materials produced by the government in discovery – and any summaries of said materials – to instances necessary for the prosecution and defense of the pending matter. In addition, the government requests that the defendants be required to return the materials produced by the government during discovery at the conclusion of the instant litigation so that the government may destroy or otherwise lawfully dispose of the materials.

     5. Federal Rule of Criminal Procedure 16 (d) allows the Court to regulate discovery

through the issuance of a protective order. The Rule allows that "[a]t any time, the Court may, for good cause, deny restrict, or defer discovery or inspection, or grant other appropriate relief." <u>See</u> also <u>United States v. Caparros</u>, 800 F2d 23 (2d Cir. 1986) (district court had authority to issue protective order preventing public disclosure of documents produced by the government which served as the basis for the indictment or any summary of those documents).

      6. The defendants do not join in the government's request.

      WHEREFORE, it is respectfully requested that this Court grant the government's motion for a protective order.

      Respectfully submitted,

      GLENN T. SUDDABY
      UNITED STATES ATTORNEY

BY:     */s/*

      Tina E. Sciocchetti
      Assistant U.S. Attorney
      N.D.N.Y. Bar No.105218

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 07-CR-204 (LEK) |
| | : | |
| CHARLES DAVIDSON, | : | |
| WILLIAM HOSKINS, | : | |
| BRYAN BAILEY, | : | |
| TOMAS SOTO CASTILLO, | : | |
| WENDY MUDRA, | : | |
| | : | |
| Defendants. | : | |

### ORDER

Upon consideration of the Government's Motion for A Protective Order, it is this ____ day of July, 2008,

ORDERED, that upon the Court's finding of good cause, the government's motion is GRANTED, and it is further

ORDERED, that the parties shall be limited in the disclosure of the materials produced by the government in discovery, and any summary of said materials, to instances necessary for the prosecution and defense of this pending matter, and it is further

ORDERED, that at the conclusion of the instant litigation, the defendants are required to return to the government the materials the government produced during discovery.

_____
Hon. Lawrence E. Kahn
United States District Judge