# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Criminal No. H-10-201-3S** |
| | § | |
| **CHARLES M. DAVIDSON,** *et al.* | § | |

## JURY INSTRUCTIONS

TO THE HONORABLE GRAY H. MILLER:

The United States of America, by and through José Angel Moreno, United States Attorney, Tina E. Sciocchetti, Sara Lord, and David Searle, Assistant United States Attorneys, hereby submit the attached requested jury instructions.

Respectfully submitted,

JOSE ANGEL MORENO
United States Attorney

By:   /s/ David Searle
      Tina E. Sciocchetti
      Sara Lord
      David Searle
      Assistant United States Attorneys
      Southern District of Texas

**INSTRUCTION NO.   1  **

**INTRODUCTION**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules about this particular case, and finally I will explain to you procedures you should follow in your deliberations.

Authority:    Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.03.

## INSTRUCTION NO.  2

## DUTY TO FOLLOW INSTRUCTIONS, ETC.

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

<u>Authority</u>:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.04.

## INSTRUCTION NO. __3__

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

<u>Authority</u>:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
                  Instruction 1.05.

4

## INSTRUCTION NO. __4__

## EVIDENCE -- EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.

Remember that any statements, objections or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Also, during the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
              Instruction 1.06.

# INSTRUCTION NO.   5

## EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give either direct or circumstantial evidence.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instruction 1.07.

6

## INSTRUCTION NO.   6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

7

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instruction 1.08.

# INSTRUCTION NO. __7__

## ACCOMPLICE-CO-DEFENDANT-PLEA-AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant previously in this case, with whom the government has entered into a plea agreement in some cases providing for the dismissal of some charges and a lesser sentence than the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.15.

## INSTRUCTION NO. __8__

## ON OR ABOUT

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.18.

## INSTRUCTION NO.   9

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
Instruction 1.19.

## INSTRUCTION NO.   10

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

<u>Authority</u>:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instruction 1.20.

**INSTRUCTION NO.   11**

**MULTIPLE DEFENDANTS-MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.23

**INSTRUCTION NO.   12**

**"KNOWINGLY"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
Instruction 1.37.

INSTRUCTION NO. __13__

**COUNT ONE: CONSPIRACY TO HARBOR ILLEGAL ALIENS
AND TO ENCOURAGE AND INDUCE ILLEGAL ALIENS TO REMAIN IN
THE UNITED STATES**

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), makes it a crime for anyone to conspire with someone else to commit certain immigration offenses. All of the defendants are charged with conspiring to commit two criminal objects: first, concealing, harboring, or shielding from detection illegal aliens and, second, encouraging and inducing illegal aliens to remain in the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find each of the defendants guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | that the defendant and at least one other person made an agreement to commit at least one of the two enumerated crimes; |
| *Second:* | that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and |
| *Third:* | that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in |

15

the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to indict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which

16

advances some purpose of a conspiracy, does not thereby become a conspirator.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instructions 2.04, 2.20 (modified).

Object No. 1: Harboring Illegal Aliens

Title 8, United States Code, Section 1324(a)(1)(A)(iii), makes it a crime for anyone to conceal, harbor, or shield from detection or to attempt to conceal, harbor, or shield from detection an alien while knowing or acting in reckless disregard of the fact that the alien has entered or remained in the United States in violation of the law.

There are four essential elements to this offense:

*First:*      That an alien entered or remained in the United States in violation of law;

*Second:*   That the defendant knowingly concealed, harbored, or shielded from detection the alien within the United States or attempted to do so;

*Third:*      That the defendant either knew or acted in reckless disregard of the fact that the alien entered or remained in the United States in violation of law; and

*Fourth:*    That the defendant's conduct tended to substantially facilitate the alien remaining in the United States illegally.

An alien is any person who is not a natural-born or naturalized citizen, or a national of the United States. The term "national of the United States" includes not only a citizen, but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

To act with "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person concealed,

18

harbored, or shielded from detection, was an alien who had entered or remained in the United States in violation of law.

The term "harbor" as used in these instructions includes affording shelter to undocumented aliens.[1]

To "shield from detection" includes shielding from detection the fact that an individual is an illegal alien or is remaining in the country illegally.  There is no requirement that the defendant provide a physical barrier.[2]

To "substantially facilitate" means to make an alien's illegal presence in the United States substantially easier or less difficult.[3]

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instructions 2.04 (modified).

---

[1]      *See United States v. Balderas*, 91 Fed. Appx. 354 (5th Cir. 2004) (not designated for publication) (citing *United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir. 1977) and other authorities).

[2]      *See United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir. 1977); *see also United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1072 (5th Cir. 1982).

[3]      *See United States v. Shum*, 496 F.3d 390, 392 (5th Cir. 2007) (citing *United States v. Dixon*, 132 F.3d 192, 200 (5th Cir. 1997)).

<u>Object No. 2: Encouraging or Inducing Illegal Aliens to Remain in
the United States</u>

Title 8, United States Code, Section 1324(a)(1)(A)(iv), makes it a crime for anyone to encourage or induce or to attempt to encourage or induce an alien to reside in the United States knowing or in reckless disregard of the fact that such residence is or will be in violation of law.  There are two essential elements of this offense:

*First:* That the defendant encouraged or induced an alien to reside in the United States, or attempted to do so, and

*Second:* That the defendant either knew or acted in reckless disregard of the fact that the alien remained in the United States in violation of law.

Again, an alien is any person who is not a natural-born or naturalized citizen, or a national of the United States.

To act with "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person the defendant encouraged and induced was an alien who remained in the United States in violation of law.

<u>Authority</u>:  Ninth Circuit Manual of Model Criminal Jury Instructions (2003), Instruction 9.4 (modified); *United States v. Lopez*, 590 F.3d 1238, 1250 (11th Cir. 2009); *United States v. Pena*, 2009 WL 1269716 (S.D. Tex. 2009).

INSTRUCTION NO.   14

**COUNT TWO: CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO COMMIT AN OFFENSE AGAINST THE UNITED STATES**

Title 8, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof or to commit an offense against the United States.

Defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra are charged with conspiring to commit three criminal objects. The defendants are charged with conspiring to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating[1] the lawful Government functions of two government agencies: (1) the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue; and (2) the Social Security Administration in the crediting and posting of employees' earnings for the purpose of determining future social security and other benefits.

The third object of the conspiracy alleged in Count Two charges that defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra were part of a conspiracy that, with intent to deceive, falsely represented to someone that social security numbers had been assigned to particular persons, when in fact such numbers had not been assigned at that time to those particular persons.

---

[1] *See Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924).

For you to find each of the defendants guilty of this crime, you must be convinced that the government has provided each of the following beyond a reasonable doubt:

*First:*    that the defendant and at least one other person made an agreement to commit at least one of the three enumerated crimes;

*Second:*    that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:*    that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

As previously stated, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to indict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were

such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instruction 2.20 (modified).

<u>Objects No. 1 and 2: Defrauding Agencies of the United States</u>

To "defraud the United States" means to cheat the United States government or any of its agencies out of money or property.  It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means.[2]

<u>Object No. 3: Falsely Representing Social Security Numbers</u>

Title 42, United States Code, Section 408(a)(7)(B) makes it a crime to falsely represent that a social security number belongs to a person when the social security number does not.  There are three essential elements to this offense:

| | |
|---|---|
| *First:* | that the defendant knowingly represented to someone that a social security number had been assigned to a particular person; |
| *Second:* | that such social security number, in fact, had not been assigned at that time to the particular person; and |
| *Third:* | that the defendants made such representation willfully, and with intent to deceive, for any purpose. |

To "act with intent to deceive" simply means to act for the deliberate purpose of misleading someone.  It is not necessary for the Government to prove, however, that anyone else was in fact misled or deceived.

<u>Authority:</u>   Eleventh Circuit Pattern Jury Instructions (Criminal) (2003), Instruction 100 (modified); *United States v. Porter*, 409 F.3d 910, 915 (8th Cir. 2005).

---

[2]      *See Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924).

**INSTRUCTION NO.   15   **

**UNANIMITY OF THEORY**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to both counts.

Count One of the indictment accuses all of the defendants of committing the crime of conspiracy in two different ways.  The first is that the defendants conspired to conceal, harbor, or shield from detection illegal aliens.  The second is that the defendants conspired to encourage and induce illegal aliens to remain in the United States.

Count Two of the indictment accuses defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra of committing a second conspiracy in three different ways.  The first is that the defendants conspired to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue.  The second is that these defendants conspired to defraud the United States for the purpose of impeding, impairing, obstructing, and

defeating the lawful government functions of the Social Security Administration in the crediting and posting of employees' earnings for the purpose of determining future social security and other benefits.  Third, defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra are alleged to have been part of a conspiracy that, with intent to deceive, falsely represented to someone that social security numbers had been assigned to particular persons, when in fact such numbers had not been assigned at that time to those particular persons.

The Government does not have to prove all of these theories of culpability for you to return a guilty verdict as to each count.  Proof beyond a reasonable doubt on one is enough.  But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved.  With respect to Count One, all of you must agree that the government proved beyond a reasonable doubt that the defendants conspired to conceal, harbor, or shield from detection illegal aliens; or, all of you must agree that the government proved beyond a reasonable doubt that the defendants conspired to encourage and induce illegal aliens to remain in the United States.

Similarly, with respect to Count Two, all of you must agree that the Government proved beyond a reasonable doubt that defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra conspired

26

to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue; or, all of you must agree that the Government proved beyond a reasonable doubt that these defendants conspired to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Social Security Administration in the crediting and posting of employees' earnings for the purpose of determining future social security and other benefits; or all of you must agree that the Government proved beyond a reasonable that defendants Christopher Tiesman, Kenneth Gines, Jr., Haskell "Buddy" Ross, and Wendy Mudra were part of a conspiracy that, with intent to deceive, falsely represented to someone that social security numbers had been assigned to particular persons, when in fact such numbers had not been assigned at that time to those particular persons.

Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001), Instruction 1.25.

## INSTRUCTION NO.  16

## ELEMENTS OF CONSPIRACY

You have been provided with the elements of conspiracy with respect to
Counts One and Two.  To help guide you, you have also been provided with the
elements of the crimes which are the alleged objects of both counts.  In order for
you to find one or more of the defendants guilty of either Count One or Two, you
must only find that the Government has proven each of the elements of conspiracy
beyond a reasonable doubt.  It is not necessary for the Government to prove the
elements of the completed crimes which are the objects of Counts One and Two.[1]

---

[1]      *See United States v. Lopez,* 392 Fed. Appx. 245, 253 (5th Cir. 2010) (citing
*United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002) (per curiam)).

# NO.   17

## DUTY TO DELIBERATE

Your deliberations will be secret.  You will never have to explain your

verdict to anyone.  It is your duty to consult with one another and to deliberate in

an effort to reach agreement if you can do so.  Each of you must decide the case for

yourself, but only after an impartial consideration of the evidence with your fellow

jurors.  During your deliberations, do not hesitate to reexamine your own opinions

and change your mind if convinced that you were wrong.  But do not give up your

honest beliefs as to the weight or effect of the evidence solely because of the

opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts.  Your sole

interest is to seek the truth from the evidence in the case, to decide whether the

government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one

of your number as your foreperson, who will help to guide your deliberations and

will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space

provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations,  the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.


_____
HON. GRAY MILLER
UNITED STATES DISTRICT JUDGE


Authority:   Pattern Instructions (Criminal Cases), Fifth Circuit (2001),
             Instruction 1.24.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Criminal No. H-10-201-3S** |
| | § | |
| **CHARLES M. DAVIDSON,** *et al.* | § | |

## VERDICT OF THE JURY

## COUNT ONE

## (CONSPIRACY TO HARBOR ILLEGAL ALIENS AND TO ENCOURAGE AND INDUCE ILLEGAL ALIENS TO REMAIN IN THE UNITED STATES)

We, the Jury, unanimously find the defendant **CHARLES M. DAVIDSON**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **CHRISTOPHER TIESMAN**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **KENNETH GINES, JR.**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **HASKELL "BUDDY" ROSS**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **WENDY MUDRA**:

_____ Guilty

_____ Not Guilty

## COUNT TWO

## (CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO COMMIT AN OFFENSE AGAINST THE UNITED STATES)

We, the Jury, unanimously find the defendant **CHRISTOPHER TIESMAN**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **KENNETH GINES, JR.**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **HASKELL "BUDDY" ROSS**:

_____ Guilty

_____ Not Guilty

We, the Jury, unanimously find the defendant **WENDY MUDRA**:

_____ Guilty

_____ Not Guilty


_____
Foreperson of the Jury


Signed on this the _____ day of _____ 2011.

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the Government's Requested Jury

Instructions were sent to counsel for the above-listed defendant on the <u>9th</u> day  of

September, 2011.


<u>/s/ David Searle</u>
DAVID SEARLE
Assistant United States Attorney