# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHARLES M. DAVIDSON,** | § | **Crim No. 4:10–CR–00201** |
| **CHRISTOPHER TIESMAN,** | § | |
| **KENNETH GINES, JR,** | § | |
| **HASKELL "BUDDY" ROSS, and** | § | |
| **WENDY MUDRA.** | § | |

## <u>DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS[1]</u>

---

[1] These proposed instructions are not intended to waive any matter raised in any pretrial motion or any other objection or matter raised by the defendants before, during, or after trial.  The defendants reserve the right the right to modify or supplement these proposed jury instructions and to submit theory of defense instructions at the conclusion of the evidence.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

### (Introduction to Final Instructions)

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  I have presided over the trial and decided what evidence is proper for your consideration.  It is also my duty now to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of the witnesses.  Then I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.03 (Introduction to Final Instructions) (modified).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### (Duty to Follow Instructions)

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you.

It is also your duty to base your verdict solely upon the evidence. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.04 (Duty to Follow Instructions) (modified).

3

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

### (Indictment Not Evidence of Guilt, Presumption of Innocence, Burden of Proof, Reasonable Doubt)

The indictment is not evidence of a defendant's guilt.  It is merely the formal manner by which a person is accused of a crime in order to bring that person to trial; it is the accusation again the defendant brought by the government, nothing more.

The defendants are presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant, that is, find the defendant "not guilty."

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

Every fact which is essential to prove an element of the offense must be proved beyond a reasonable doubt.  A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would not hesitate to rely and act upon it in the

4

most important of your own affairs.  If you are convinced that the defendants have

been proved guilty beyond a reasonable doubt, say so.  If you are not convinced,

say so.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.05 (modified); *see also Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000) (defendant entitled to jury determination that he is guilty of every essential fact necessary to prove the charged crime beyond  a reasonable doubt).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3A

### (Reasonable Doubt Continued)

Put another way, if you find after reviewing the evidence that there is a plausible explanation for a defendant's actions that would negate any intent to violate the law, then you must entertain a reasonable doubt and acquit.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### (Evidence - Excluding What Is Not Evidence)

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. [Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision.] Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for these

instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.06 (Evidence – Excluding What Is Not Evidence) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**(Evidence - Inferences - Direct and Circumstantial)**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.07 (Evidence – Inferences – Direct and Circumstantial (modified).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

### (Credibility of Witnesses)

I remind you that it is your job to decide whether the government has proved the guilt of any defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness harbor resentment, anger, bias, or hostility toward the defendants? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

You have heard the testimony of witnesses employed by government agencies.  The fact that a witness may be employed by a government agency, does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of such a witness and what weight, if any, to give that testimony.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.08 (Credibility of Witnesses); *see also* 1-7 L. Sand, et al. *Modern Federal Jury Instructions – Criminal* ¶ 7.01 (2010) (bias and hostility); *id.* at ¶ 7.01, 7-16 (law enforcement witnesses).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

### (Character Evidence)

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.09 (Character Evidence).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### (Prior Inconsistent Statements)

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

You have heard evidence that before the trial some witnesses made statements that may be inconsistent with the witnesses' testimony here in court.  If you find that the earlier statements are inconsistent with the trial testimony, you may consider the earlier statements in deciding the truthfulness and accuracy of that witness's testimony in this trial.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserve.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.10 (Impeachment by Prior Inconsistencies) and Note (discussing Fed. R. Evid. 801(d)(1)(A)).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### (Impeachment by Prior Conviction)

You have been told that the witness _____ was convicted in _____ of _____. A conviction is a factor you may consider in deciding whether to believe the witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else; it may not be considered as evidence of defendants' guilt.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.12 (modified to include second half of last sentence).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

### (Impeachment by Evidence of Untruthful Character)

You have heard the testimony of _____.  You also heard testimony from others concerning their opinion about whether that witness is a truthful person or the witness's reputation for telling the truth.  It is up to you to decide from what you heard here whether _____ was telling the truth in this trial.  In deciding this, you should consider the testimony about _____'s untruthfulness as well as all the other factors already mentioned.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.13 (Impeachment by Evidence of Untruthful Character) (modified).

15

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

## (Accomplice—Informer—Plea Agreement—Immunity)

The government entered into plea agreements with some witnesses providing for dismissal of some charges or the possibility of a lesser sentence or other benefits for their cooperation.  The testimony of such witnesses, or of an alleged accomplice, or of one who provides evidence against a defendant as an informant for pay or immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or motive to curry favor with the government, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution or of entering into a plea agreement. You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.  The fact that another person has entered a plea of guilty is not evidence of the guilt of any other person.

**Authority**

*See* Fifth Circuit Jury Instruction No.  1.14 (Accomplice—Informer—Immunity); Fifth Circuit Jury Instruction No. 1.15 (Accomplice—Co-Defendant—Plea Agreement).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

### (Immigration Benefits to Government Witnesses)

You have heard testimony from or about _____ who received special treatment from the government in exchange for the testimony given here in court.  These witnesses were unlawfully living and working in this country. Instead of being jailed and deported, these witnesses were offered temporary work authorization, which allowed them to work and to avoid being detained and ultimately deported.  This was arranged directly between the witnesses and the government and not at the request of the Court.

The government is permitted to make these kind of promises and is entitled to call as witnesses people to whom such benefits are given. The testimony of such witnesses, however, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You, the jury, must decide whether the witness's testimony has been affected by a motive to curry favor with the government, or by the benefits that the witness has received.  You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### (Specialized Knowledge Opinion Testimony)

During the trial you heard the testimony of _____, who has expressed opinions concerning _____.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.17 (Expert Witness).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14
### (Summaries and Charts Received in Evidence)

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only to the extent they accurately reflect the underlying supporting evidence.  You should only give them only such weight as you think they deserve.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.44 (Summaries and Charts Received in Evidence).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

### (Caution—Consider Only the Crime Charged)

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Your verdict should be based solely upon the government's evidence or lack of evidence as to each defendant without regard to whether the guilt of any other person has or has not been proven.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.19 (Caution – Consider Only Crime Charged) (last sentence modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**(Multiple Defendants—Multiple Counts)**

A separate crime is charged against one or more of the defendants in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.23 (Multiple Defendants – Multiple Counts).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

**(Unanimity of Theory – Conspiracy to Violate Federal Law)**

Count 1 alleges a conspiracy to commit two crimes or objectives.  If the government fails to prove that at least one of the two objectives was an objective of the conspiracy in which the defendant participated, then you must find the defendant not guilty of the conspiracy.  On the other hand, the government need not prove both objectives of the conspiracy for you to find the defendant guilty.  It is sufficient if you find beyond a reasonable doubt that the defendant committed one or the other objective in order to convict the defendant on Count 1.  However, in order to convict the defendant, all twelve of you must agree on the specific objective the defendant agreed to try to accomplish.

This same instruction also applies to Count 2.

**Authority:**

*See* Fifth Circuit Jury Instruction No. 1.25 (Unanimity of Theory); *see also* 1-9 L. Sand, *et al. Modern Federal Jury Instructions – Criminal* ¶ 9.07 (2010).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### (Count One of the Indictment)

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), makes it a crime for anyone to engage in a conspiracy to commit specific immigration crimes.

All of the defendants are charged with conspiring to commit both of the following immigration crimes: (1) concealing, harboring, and shielding from detection unauthorized aliens; and (2) encouraging and inducing unauthorized aliens to reside in the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That that defendant and at least one other person made an agreement to commit the crimes of concealing, harboring, and shielding from detection particular unauthorized aliens, or of encouraging and inducing particular unauthorized aliens to reside in the United States;

*Second*:  That that defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

***Third*:**  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

I will now further instruct you on each of these elements of the offense of conspiracy alleged in Count 1.

**Authority**

*See* Fifth Circuit Jury Instruction No. 2.20 (Conspiracy).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

**(First Element of Count One – Existence of Unlawful Agreement)**

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into an unlawful agreement to (1) conceal, harbor, and shield from detection unauthorized aliens; or (2) encourage and induce unauthorized aliens to reside in the United States.

A person conceals, harbors, or shields an unauthorized alien if the alien is being hidden from detection.  Knowingly hiring or employing an unauthorized alien does not, by itself, constitute concealing, harboring, or shielding that alien from detection.

A person encourages or induces an unauthorized alien to reside in the United States if he instigates, convinces, helps, or advises an alien to enter or remain in the United States unlawfully, or if he brings about, affects, causes, or influences an alien to enter or remain in the United States unlawfully.  To support a conviction, such a person must take an affirmative act to assist the alien to enter or remain in the United States, such as providing a false passport to enter the United States or providing a fraudulent social security card to obtain employment in the United States.  Knowingly hiring or employing an unauthorized alien does not, by itself, constitute encouraging or inducing an alien to reside in the United States unlawfully.

25

Simply because a person is an alien does not mean that he or she is in the United States in violation of law, *i.e.*, that the person is an unauthorized alien.  And merely because a person appears to be foreign or speaks English with an accent or does not speak English at all does not mean that the person is an alien who entered or remained in the United States in violation of law.

Unless the government proves beyond a reasonable doubt that an agreement actually existed to commit one of these two immigration crimes, then you must find all the defendants not guilty of the charge in Count 1.  In order to convict any defendant on Count 1, all twelve of you must agree on the specific immigration crime that defendant conspired to commit.

**Authority**

*Concealing, Harboring, and Shielding from Detection*

*See* 1-19 L.Sand, et al., *Modern Federal Jury Instructions--Criminal* ¶ 19.01 (2010) (Conspiracy); *id.* at ¶ 33A.03 (Harboring Aliens); Fifth Circuit Jury Instruction No. 2.04 (Concealing or Harboring Aliens); *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981) ("Implicit in the wording 'harbor, shield, or conceal', is the connotation that something is being hidden from detection"); *id.* at 460 (evidence sufficient where defendant's conduct, which was "calculated to" facilitate the alien remaining in the United States unlawfully, included the provision of employment, lodging, advice on how to avoid detection, and interference with INS investigation) (case cited in Instruction 2.04); *United States v. Kim*, 193 F.3d 567, 574 (2d Cir. 1999) (conduct tending substantially "to prevent government authorities from detecting [alien's] unlawful presence" constitutes harboring; evidence sufficient where defendant provided employment, misled the INS, and advised employee to obtain false documentation) (case cited in Instruction 2.04); *see also United States v. Ozcelik*, 527 F.3d 88, 99 (3d Cir. 2008) (citing *Kim* approvingly and reversing harboring conviction based on insufficient evidence).

*See Hager v. ABX AIR, Inc*., 2008 WL 819293, at *6 (S.D. Ohio 2008) ("[M]erely knowingly hiring and employing an illegal alien does not constitute concealing, harboring, or shielding that alien from detection.") (unpublished); *Zavala v. Wal-Mart Stores, Inc*., 393 F.Supp.2d 295, 306-07 (D.N.J. 2005) (plaintiff's allegation that Wal-Mart knowingly hired, and continued to employ, unauthorized workers "insufficient" to state a claim of harboring or conspiracy to harbor).

## *Encouraging and Inducing*

*See* 2-33A L. Sand, et al., *Modern Federal Jury Instructions-Criminal* ¶ 33A.04 (2010).

This statute requires proof that a defendant specifically intended to encourage or induce an alien to come to, enter, or remain in the country in violation of law.  *See United States v. Oloyede*, 982 F.2d 133, 137 (4th Cir. 1992) (holding that "'encouraging' relates to *actions taken to convince* the illegal alien to come to this country or to stay in this country") (emphasis added).  Cases interpreting this provision all require an affirmative act from which specific intent to commit an illegal act can be inferred. Thus, courts have focused on direct interaction between the defendant and the aliens involved, *i.e.*, there is consistently some immediate nexus between the defendant's actions and the aliens coming to, entering or residing in the United States from which to infer the defendant's specific intent to illegally encourage or induce the alien. *See, e.g., United States v. Ndiaye,* 434 F.3d 1270, 1296 (11th Cir. 2006) (defendant provided fraudulent social security cards directly to illegal aliens); *United States v. Hendricks*, 210 F.3d 363, 2000 WL 341914, at *1 (4th Cir. 2000) (unpublished) (defendants advised aliens in person fraudulently to apply for student visas). Without this nexus between the defendant and the alien involved, the encouragement or inducement is too attenuated to infer criminal activity.

*See also Hager v. ABX AIR, Inc*., 2008 WL 819293, at *10 (S.D. Ohio 2008) ("acts of hiring and employing unauthorized aliens cannot constitute" encouraging or inducing) (unpublished); *Zavala v. Wal-Mart Stores, Inc*., 393 F.Supp.2d 295, 306-07 (D.N.J. 2005) (plaintiff's allegation of hiring unauthorized workers fails to state claim of encouraging, or conspiracy to encourage, because it does not allege that Wal-Mart "took affirmative steps" to assist aliens to reenter or remain unlawfully or "agreed to undertake conduct with the purpose" of unlawfully encouraging undocumented aliens).

## *Unauthorized Status of Aliens*

*See United States v. Salter*, 521 F.2d 1326, 1328 (2d Cir. 1975) (recognizing that "in California and many other states [...] the number of Mexicans who have been legally admitted or have become American citizens renders Mexican accent or appearance insufficient as an indicator of illegal entry . . ."); *United States v. Camacho-Davalos*, 468 F.2d 1382, 1383 (9th Cir. 1972) (testimony that individuals were "Mexican appearing," spoke Spanish, and did not produce immigration papers on request "fits thousands of

American citizens"); U.S.C. § 1324b (IRCA's unfair immigration-related employment practices); Statement of Sen. Bingaman, 132 Cong. Rec. S16879-01 (October 17, 1986) (IRCA anti-discrimination provisions approved because previous legislation "lacked adequate protections for those American citizens who, in the eyes of some, do not 'look American' or 'sound American'-- in particular those of Hispanic descent"); Dep't of Homeland Security Employer Information Bulletin 103 (noting that "[a]n employee's foreign appearance or accent is not a relevant factor" when complying with IRCA); Dep't of Justice's 2005 Guide entitled "Look at the Facts Not at the Faces: Your Guide to Fair Employment" (admonishing employers not to make employment decisions based "on appearance, accent, name, or citizenship status and noting that national origin discrimination "can include language").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20**

**(Second Element of Count One – Membership in Conspiracy
With Intent to Further Its Unlawful Purpose)**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit the two immigration offenses is that a defendant knowingly and willfully became a member of the conspiracy.

If you are satisfied that the conspiracy charged in Count 1 existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether a defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he or she participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he or she knowingly and willfully joined in the unlawful agreement or plan.

A person acts "knowingly" if he acts intentionally and voluntarily, and not because of mistake, misunderstanding, accident, negligence, or even gross negligence.  Whether a defendant acted knowingly may be proved by the defendants' conduct and by all of the facts and circumstances surrounding the case. "Willfully" means to act with knowledge that one's conduct is unlawful and with

the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

A defendant's conduct is not "willful" if it is due to inadvertence or is the result of a good-faith misunderstanding of the requirements of the law.  In this connection, it is for you to decide whether a defendant acted in good faith, that is, whether he or she sincerely misunderstood the requirements of the law; or whether he or she knew the requirements of the law and, nevertheless, deliberately violated those requirements.  Good faith is a complete defense to the charges of conspiracy because good faith on the part of a defendant is inconsistent with willfulness, which is an essential part of the charges.  The burden of proof is not on a defendant to prove his or her good faith since a defendant has no burden to prove anything. Rather, the government must establish beyond a reasonable doubt that a defendant acted with specific intent to violate the law.  An honestly held opinion or belief is not chargeable as criminal intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence that establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish criminal intent.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to

convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. There is a longstanding rule against "guilt by association."  A defendant may not be convicted merely because people with whom he did business may have committed criminal acts.   Each element of each offense must be proved independently against a defendant individually on the basis of his or her own conduct and state of mind.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

31

Unless the government proves beyond reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy to commit one of the two immigration crimes, then you must find the defendant not guilty of the charge in Count 1.

**Authority**

*Conspiracy*

*See* Fifth Circuit Jury Instruction No. 2.20 (Conspiracy); 1-19 L. Sand, et al., *Modern Federal Jury Instructions-Criminal* ¶ 19.01 (2010) (Conspiracy); *id.* at ¶ 3A.01.

*Good Faith*

*See United States v. Skilling*, Cr. No. H-04-025, Jury Instructions at 14-15 (Lake, J.) (May 15, 2006); *United States v. Valencia*, Cr. No. H-04-514-SS, Jury Instructions at 17 (Atlas, J.) (Aug. 1, 2006); *see also United States v. DeRosier*, 501 F.3d 888, 892 n.5 (8th Cir. 2007); L. Sand, et al., *Sixth Circuit Jury Instruction*s ¶ 10.04 (2010) (citing *United States v. Curry*, 681 F.2d 406, 416 (5th Cir. 1982)); 1A O'Malley, Gering & Lee, *Federal Jury Practice and Instruction* § 19.06 (6th ed. 2010).

*Guilt by Association*

*See United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982); *United States v. Singletary*, 646 F.2d 1014, 1018 (5th Cir. 1981) (stating the "long-established rule that a defendant's guilt may not be proven by showing that he associates with unsavory characters); *United States v. Forrest*, 620 F.2d 446, 451 (5th Cir. 1980) (association with criminal does not support inference of guilt); *United States v. Kemble*, 198 F.2d 889, 893 (3rd Cir. 1952) ("Criminal liability of a principal or master for the act of his agent or servant does not extend so far as his civil liability.  He cannot be held criminally [liable] for the acts of his agent, contrary to his orders, and without authority, express or implied, merely because it is in the course of his business and within the scope of the agent's employment.")

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**

**(Third Element of Count One – Commission of Overt Acts)**

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, and that the overt act was committed during the existence of the conspiracy for the purpose of carrying out the unlawful agreement.

It is not enough if some of you find that one overt act was committed and others of you find that a different overt act was committed. In order to find that the government has proven this element beyond a reasonable doubt, you must all believe that the same act or acts were committed for the purpose of carrying out the unlawful agreement.

**Authority**

*See* 1-19 L. Sand, et al., *Modern Federal Jury Instructions-Criminal* ¶ 19.01 (2010) (Conspiracy).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22

### (Count Two of the Indictment)

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States.

Defendants Tiesman, Gines, Ross, and Mudra are charged with conspiring to defraud the United States in the following two ways:  (1) by impeding, through dishonest and deceitful means, the lawful functions of the Internal Revenue Service and the Social Security Administration; and (2) by falsely representing, with intent to deceive, social security numbers for employment-related purposes.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That that defendant and at least one other person made an agreement to defraud the United States (1) by impeding, through dishonest and deceitful means, the lawful functions of the Internal Revenue Service and the Social Security Administration, or (2) by falsely representing, with the intent to deceive, social security numbers for employment-related purposes.

34

*Second*:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

I will now further instruct you on each of these elements of the offense of conspiracy alleged in Count 2.

**Authority**

*See* Fifth Circuit Jury Instruction No. 2.20 (Conspiracy).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### (First Element of Count Two – Existence of Unlawful Agreement)

[Defendants are preparing an instruction to submit.]

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

**(Second Element of Count Two – Membership in Conspiracy
With Intent to Further Its Unlawful Purpose)**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit the two offenses is that a defendant knowingly and willfully became a member of the conspiracy.

If you are satisfied that the conspiracy charged in Count 2 existed, you must next ask yourselves who the members of that conspiracy were.   In deciding whether a defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he or she participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he or she knowingly and willfully joined in the unlawful agreement or plan.

A person acts "knowingly" if he acts intentionally and voluntarily, and not because of mistake, misunderstanding, accident, negligence, or even gross negligence.   Whether a defendant acted knowingly may be proved by the defendant's conduct and by all of the facts and circumstances surrounding the case. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

37

A defendant's conduct is not "willful" if it is due to inadvertence or is the result of a good-faith misunderstanding of the requirements of the law.  In this connection, it is for you to decide whether a defendant acted in good faith, that is, whether he or she sincerely misunderstood the requirements of the law; or whether he or she knew the requirements of the law and, nevertheless, deliberately violated those requirements.  Good faith is a complete defense to the charges of conspiracy contained in the indictment since good faith on the part of a defendant is inconsistent with willfulness, which is an essential part of the charges.  The burden of proof is not on a defendant to prove his or her good faith since a defendant has no burden to prove anything.  Rather, the government must establish beyond a reasonable doubt that the defendant acted with specific intent to violate the law. An honestly held opinion or belief is not chargeable as criminal intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence that establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish criminal intent.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scheme of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  There is a longstanding rule against "guilt by association."  A defendant may not be convicted merely because people with whom he did business may have committed criminal acts.  Each element of each offense must be proved independently against a defendant individually on the basis of his or her own conduct and state of mind.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Unless the government proves beyond reasonable doubt that a defendant knowingly and willfully became a member of the conspiracy to commit one of the

two crimes alleged in Count 2, then you must find the defendant not guilty of the charge in Count 2.

**Authority**

*Conspiracy*

     *See* Fifth Circuit Jury Instruction No. 2.20 (Conspiracy); 1-19 L. Sand, et al., *Modern Federal Jury Instructions-Criminal* ¶ 19.01 (2010) (Conspiracy); *id.* at ¶ 3A.01.

*Good Faith*

     *See United States v. Skilling*, Cr. No. H-04-025, Jury Instructions at 14-15 (Lake, J.) (May 15, 2006); *United States v. Valencia*, Cr. No. H-04-514-SS, Jury Instructions at 17 (Atlas, J.) (Aug. 1, 2006); *see also United States v. DeRosier*, 501 F.3d 888, 892 n.5 (8th Cir. 2007); L. Sand, et al., *Sixth Circuit Jury Instruction*s ¶ 10.04 (2010) (citing *United States v. Curry*, 681 F.2d 406, 416 (5th Cir. 1982)); 1A O'Malley, Gering & Lee, *Federal Jury Practice and Instruction* § 19.06 (6th ed. 2010).

*Guilt by Association*

     *See United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982); *United States v. Singletary*, 646 F.2d 1014, 1018 (5th Cir. 1981) (stating the "long-established rule that a defendant's guilt may not be proven by showing that he associates with unsavory characters); *United States v. Forrest*, 620 F.2d 446, 451 (5th Cir. 1980) (association with criminal does not support inference of guilt); *United States v. Kemble*, 198 F.2d 889, 893 (3rd Cir. 1952) ("Criminal liability of a principal or master for the act of his agent or servant does not extend so far as his civil liability.  He cannot be held criminally [liable] for the acts of his agent, contrary to his orders, and without authority, express or implied, merely because it is in the course of his business and within the scope of the agent's employment.")

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

**(Third Element of Count Two – Commission of Overt Acts)**

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, and that the overt act was committed during the existence of the conspiracy for the purpose of carrying out the unlawful agreement.

It is not enough if some of you find that one overt act was committed and others of you find that a different overt act was committed. You must all believe that the same overt act or acts were committed in order to find that the government has proven this element beyond a reasonable doubt.

**Authority**

*See* 1-19 L. Sand, et al., *Modern Federal Jury Instructions-Criminal* ¶ 19.01 (2010) (Conspiracy).

**[DEFENSE INSTRUCTION 26:  THEORY OF DEFENSE:**

**We are preparing and will submit a "theory of defense instruction"]**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27

### (Duty to Deliberate - Verdict Form)

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each defendant on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.  When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

**{The Judge will explain the verdict form}**

43

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the Court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**Authority**

*See* Fifth Circuit Jury Instruction No. 1.24 (Duty to Deliberate – Verdict Form).